J-A15038-25

2025 PA Super 195

| | | |
|---|---|---|
| LOUIS WICKARD, BRADLEY ESPENSHADE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 1355 MDA 2024 |
| BELCO COMMUNITY CREDIT UNION | : | |

Appeal from the Order Entered September 4, 2024
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-22-06167

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED: SEPTEMBER 4, 2025**

Plaintiffs/Appellants, Louis Wickard and Bradley Espenshade, appeal from the order entered in the Court of Common Pleas of Lancaster County on September 4, 2024, granting summary judgment in favor of Defendant/Appellee, Belco Community Credit Union. After a careful review, we affirm.

The trial court summarized the relevant facts and procedural history as follows:

> This action arises from notice received by Plaintiffs following the repossession of their vehicles by Belco subsequent to default in payments pursuant to financial agreements each Plaintiff made with Belco. Amended Class Action Complaint ("Am. Compl."), 7/31/2023 at 3, 4. On July 31, 2023, Plaintiffs filed the instant

---

[*] Former Justice specially assigned to the Superior Court.

amended complaint alleging Belco regularly finances the purchases of automobiles for consumer use and should consumers default on their secured finance agreements they will repossess the vehicle. *Id.* at 1. Plaintiffs Wickard and Espenshade assert they entered into sale contracts with Belco for the purpose of purchasing used vehicles. *Id.* at 3, 4. In said agreements Plaintiffs acknowledged that should they default by failing to make payments, Belco may retake their vehicles and sell them to recoup losses. *Id.*, Ex. A, at 3-4; Ex. C, at 3.

Both Wickard and Espenshade defaulted on their finance agreements and their vehicles were repossessed by Belco. Compl. at 3, 4. Subsequent to the repossession of the vehicles, Belco sent each Plaintiff a "NOTICE OF OUR PLAN TO SELL PROPERTY" ("Notice"). *Id.* [Exhibits] B, D. Plaintiffs contend that the Notice "did not provide an accurate description of the debtor's liability for a deficiency because Belco states that the sale proceeds may be reduced by 'reasonable attorney's fees and court costs.'" *Id.* at 3. As such, Plaintiffs bring forth one count, that Belco violated Pennsylvania's Uniform Commercial Code ("UCC"), specifically, 13 Pa.C.S.A. §§ 9610-9614, by failing to provide proper notice of repossession of collateral. *Id.* at 8.

On March 8, 2024, Belco moved for summary judgment asserting the Notice sent to Plaintiffs and similarly situated individuals was commercially reasonable because it met all of the notice requirements in sections 9613 and 9614 of the Pennsylvania UCC. MSJ at 5-6. Belco further asserted that it is not precluded from recovering reasonable attorney's fees under the UCC. *Id.* at 6. In response, Plaintiffs argue that the Notice is misleading under the UCC and the Motor Vehicle Sales Finance Act ("MVSFA") as they assert Pennsylvania law does not allow for the recovery of attorney's fees in cases of nonjudicial repossession. CMSJ at 4.

In reply, Belco explained that the pre-sale Notice accurately described Plaintiffs' liability following repossession, including any "reasonable attorney's fees permitted by law." Defendant Belco Community Credit Union's Combined Reply Brief in Support of its Motion for Summary Judgment and Response to Plaintiff's Cross-Motion for Summary Judgment, 6/3/2024, at 1. Belco further asserted that Plaintiffs failed to provide any evidence regarding how the mention of reasonable attorney's fees in the Notice misled them when the Belco was simply providing its members with

information concerning potential costs allowed by law that Belco may incur as a result of the repossessions. *Id.* at 1-2. On June 27, 2024, Plaintiffs filed a reply in support of their cross-motion for summary judgment which argued, *inter alia*, that Belco's admission that it never incurs attorney's fees for nonjudicial repossession shows that the notices sent to Plaintiffs is misleading and fails to provide an accurate description of potential liability as required under 13 Pa.C.S.A. § 9614, and that neither the UCC nor the MVSFA authorize the recovery of attorney's fees in nonjudicial repossessions. Plaintiffs' Reply in Support of Cross-Motion for Summary Judgment, 6/27/2024. On July 26, 2024, oral argument was held in response to the MSJ and CMSJ and the responses and replies thereto.

Tr. Ct. Op., 9/3/24, at 2-3.

Following oral argument, the trial court granted Belco's motion for summary judgment and denied Appellants' cross-motion for summary judgment by order docketed September 4, 2024. Appellants filed a timely notice of appeal on September 17, 2024. Appellants filed a concise statement pursuant to Pa.R.A.P. 1925(b) on October 10, 2024. This appeal follows.

Appellants raise three issues in their brief:

(1) The Motor Vehicle Sales Finance Act provides for recovery of lender attorney fees solely in the case of a repossession effected by judicial process, after legal proceedings are commenced. Did the trial court err in holding that Belco may demand and recover attorney fees in a nonjudicial, self-help auto repossession?

(2) Belco's post-repossession notice stated that its attorney fees and court costs would be deducted from the proceeds of any auction sale in determining the consumer's remaining deficiency balance. Where attorney fees were not permitted by statute or contract—and were not incurred by Belco—did the trial court err in finding that Belco provided an accurate "description of any liability for a deficiency" that Article 9 of the UCC requires?

(3) Did the trial court err in concluding as a matter of law that Belco's post-repossession notice to the Consumers was not

- 3 -

misleading as to the Consumers' liability for a deficiency under Pennsylvania law?

Appellants' Br. at 2-3.

Our scope and standard of review of a court's ruling on a motion for summary judgment is as follows:

> Our scope of review of a trial court's order disposing of a motion for summary judgment is plenary. . . . Our standard of review is the same as that of the trial court; thus, we determine whether the record documents a question of material fact concerning an element of the claim or defense at issue. If no such question appears, the court must then determine whether the moving party is entitled to judgment on the basis of substantive law.

***Stanton v. Lackawanna Energy, Ltd.***, 820 A.2d 1256, 1258 (Pa. Super. 2003).

We begin by clarifying the positions of the parties and highlighting several additional relevant facts. Appellants do not dispute that they defaulted on their finance agreements. Appellants acknowledge that their defaults in payments properly resulted in the repossession of their vehicles and rendered them liable to Belco for certain repossession costs under their contracts and under Pennsylvania law. It is undisputed that Belco *never sought to recover attorney's fees from Appellants* as part of those repossession costs, and Belco has *never asserted that any attorney's fees were incurred by them* in the process of repossessing Appellants' vehicles. Thus, this is not a case where Appellants are contesting the amount of attorney's fees owed; they owe none.

Under the governing Pennsylvania statute, Belco, as the secured party effectuating a non-judicial repossession, is entitled to reasonable, verifiable

costs incurred "in retaking, storing and repairing the motor vehicle." 12 Pa.C.S.A. § 6256. Notably, that statute does not mention attorney's fees. The gravamen of this case is that Belco's Notice stated that Appellants would be liable for "costs for taking, storing, cleaning, advertising and selling the vehicle, ***any reasonable attorney's fees and court costs and other charges permitted by law***[.]" Solely because Belco's Notice mentions potential liability for attorney's fees while the statute governing non-judicial repossessions does not, Appellants brought this action arguing that Belco violated the UCC by failing to provide accurate notice of liability for repossession. Again, we reiterate that Belco is not requesting to recover any attorney's fees and has never claimed to have incurred attorney's fees in the repossession of Appellants' vehicles.

In support of the trial court's order granting summary judgment in favor of Belco, the trial court filed an opinion concluding that, although Belco never attempted to collect attorney's fees, there is no law prohibiting the collection of attorney's fees in a non-judicial repossession. The trial court found no law prohibiting the inclusion of attorney's fees language in the Notice. The trial court analyzed Belco's Notices and determined that it met all statutory requirements of a pre-sale notification. Finally, the trial court concluded that the mention of potential liability for attorney's fees if "permitted by law" in Belco's Notice was not misleading. We agree.

Under 13 Pa.C.S.A. § 9611, a secured party disposing of collateral is required, *inter alia*, to provide the debtor a reasonable authenticated notification of disposition. ***Id.*** at § 9611. The purpose of such notification is to give the debtor a reasonable period of time in which to exercise his option to participate in the sale or otherwise to protect his interest. ***Beneficial Consumer Discount Co. v. Savoy***, 436 A.2d 687, 689 n.2 (Pa. Super. 1981), aff'd by 468 A.2d 465 (Pa. 1983). The notification must include an accurate description of liability. 13 Pa.C.S.A. § 9614(1)(ii). The question we must resolve in the instant appeal is whether Appellants received "reasonable notification" of the sale of their vehicles, or if the mention of potential liability for attorney's fees if permitted by law rendered the notice insufficient and/or inaccurate.

Section 9613 of the Pennsylvania Commercial Code governs the form of notice for the disposition of collateral and provides, in relevant part, as follows:

> (1) The contents of a notification of disposition are sufficient if the notification:
>> (i) describes the debtor and the secured party;
>> (ii) describes the collateral which is the subject of the intended disposition;
>> (iii) states the method of intended disposition;
>> (iv) states that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting; and
>> (v) states the time and place of a public disposition or the time after which any other disposition [i.e., private sale] is to be made.
>
> (2) Whether the contents of a notification which lacks any of the information specified in paragraph (1) are nevertheless sufficient is a question of fact.

>> (3) ***The contents of a notification providing substantially the information specified in paragraph (1) are sufficient even if the notification includes:***
>>> ***(i) information not specified by that paragraph; or***
>>> ***(ii) minor errors which are not seriously misleading.***

13 Pa.C.S.A. § 9613 (emphasis added). The statute governing the contents and form of the notification states as follows:

>> (1) A notification of disposition must provide the following information:
>>> (i) the information specified in section 9613(a)(1) (relating to contents and form of notification before disposition of collateral: general);
>>> (ii) ***a description of any liability for a deficiency*** of the person to which the notification is sent;
>>> (iii) a telephone number from which the amount which must be paid to the secured party to redeem the collateral under section 9623 (relating to right to redeem collateral) is available; and
>>> (iv) a telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available.

>> (2) A particular phrasing of the notification is not required.

13 Pa.C.S.A. § 9614(a) (emphasis added).

With the relevant provisions of the Commercial Code in mind, we look to Belco's Notice which was sent to Appellants. ***See*** Amend. Compl. Exs. B, D. Our review of the record indicates that Belco met all the requirements of the UCC in the Notice it sent to each Appellant. The trial court provided an accurate analysis which we adopt here. As to Appellant Wickard, the trial court aptly summarized:

>> Firstly, the notice Belco provided to plaintiff Wickard meets all the requirements of 13 Pa.C.S.A. § 9613(1). It describes the

- 7 -

debtor, Wickard, and the secured party, Belco, and the collateral which is the subject of the intended disposition, 2015 Ford Edge - VIN# Redacted. 13 Pa.C.S.A. § 9613(1)(i)-(ii); Am. Compl., Ex. B, at 1. The Notice also states the intended method of disposition, private sale, time for which the private sale is to be made, sometime after 15 days from the date of the mailed Notice. 13 Pa.C.S.A. § 9613(1)(i)-(v); Am. Compl., Ex. B, at 1. Further, for § 9613(1)(iv), that the debtor is entitled to an accounting of the unpaid indebtedness, Belco satisfied this requirement by providing a breakdown of charges due as of the date of the Notice that Plaintiff Wickard could pay in full within 15 days; the letter also explains that after the date of the letter additional charges may accrue and to receive a current accounting of the exact amount due, Plaintiff Wickard must call 800-642-4482 ext. 7021 on the date of redemption, should he attempt to redeem the vehicle. 13 Pa.C.S.A. § 9613(1) (iv); Am. Compl., Ex. B, at 2.

The remaining elements of section 9614 have been met as well. The Notice provides a description of any liability Plaintiff Wickard would sustain for any deficiency,

> [t]he money that we get from the sale (after paying our costs for taking, storing, cleaning, advertising and selling the vehicle, any reasonable attorney's fees and court costs and other charges permitted by law) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money unless we must pay it to someone else.

13 Pa.C.S.A. § 9614(ii); Am. Compl., Ex. B, at 1. Next, as outlined above, Belco provided Plaintiff Wickard with a telephone number he could call to determine the amount of money to be paid to Belco to redeem the vehicle should he choose to do so, 800-642-4482 ext. 7021. 13 Pa.C.S.A. § 9614(i); Am. Compl., Ex. B, at 2. Finally, Belco provided in the notice a telephone number and address where Plaintiff Wickard could contact Belco for additional information concerning the disposition and the obligation secured, 800-642-4482 ext. 7021 and 449 Eisenhower Boulevard, Harrisburg, PA 17111, ATTN: Account Resolutions. 13 Pa.C.S.A. § 9614(iv); Am. Compl., Ex. B, at 2. As such, Belco met all of the requirements of 13 Pa.C.S.A. § 9614.

Tr. Ct. Op., 9/3/24, at 6-7. As to Appellant Espenshade, the trial court provided

the following analysis:

> Plaintiff Espenshade received a near identical NOTICE OF OUR PLAN TO SELL PROPERTY ("Notice-E") from Belco concerning the repossession of his vehicle on October 18, 2022. Am. Compl., Ex. D. The Notice-E describes the debtor, Espenshade, and the secured party, Belco, and the collateral which is the subject of the intended disposition, 2012 Ford F-150 - VIN# Redacted. 13 Pa.C.S.A. § 9613(1) (i)-(ii; Am. Compl., Ex. D, at 1. The Notice-E also states the intended method of disposition, private sale, time for which the private sale is to be made, sometime after 15 days from the date of the mailed Notice-E. 13 Pa.C.S.A. § 9613(1) (iii)-(V); Am. Compl., Ex. D, at 1. Further, for § 9613(1)(iv), that the debtor is entitled to an accounting of the unpaid indebtedness, Belco satisfied this requirement by providing a breakdown of charges due as of the date of the Notice-E that Plaintiff Espenshade could pay in full within 15 days; the letter also explains that after the date of the letter additional charges may accrue and to receive a current accounting of the exact amount due, Plaintiff Espenshade must call 800-642-4482 ext. 7021 on the date of redemption, should he attempt to redeem the vehicle. 13 Pa.C.S.A. § 9613(1) (iv); Am. Compl., Ex. B, at 2.
>
> The remaining elements of section 9614 have been met as well. The Notice-E provides a description of any liability Plaintiff Espenshade would sustain for any deficiency,
>
>> [t]he money that we get from the sale (after paying our costs for taking, storing, cleaning, advertising and selling the vehicle, any reasonable attorney's fees and court costs and other charges permitted by law) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money unless we must pay it to someone else.
>
> 13 Pa.C.S.A. § 9614(ii); Am. Compl., Ex. D, at 1. Next, as outlined above, Belco provided Plaintiff Espenshade with a telephone number he could call to determine the amount of money to be paid to Belco to redeem the vehicle should he choose to do so, 800-642-4482 ext. 7021. 13 Pa.C.S.A. § 9614(iii); Am. Compl., Ex. D, at 2. Finally, Belco provided in the Notice-E a telephone

number and address where Plaintiff Espenshade could contact Belco for additional information concerning the disposition and the obligation secured, 800-642-4482 ext. 7021 and 449 Eisenhower Boulevard, Harrisburg, PA 17111, ATTN: Account Resolutions. 13 Pa.C.S.A. § 9614(iv); Am. Compl., Ex. D, at 2. Therefore, Belco met all of the requirements of 13 Pa.C.S.A. § 9614 for Plaintiff Espenshade.

Tr. Ct. Op., 9/3/24, at 7-8. We find that all requirements under the UCC have been satisfied by Belco's Notices at to both Appellants.

In addition to Pennsylvania's Commercial Code, the Motor Vehicle Sales Finance Act ("MVSFA") provides notice requirements when repossessing a motor vehicle:

(a) General rule. — If repossession of a motor vehicle subject to an installment sale contract is effected other than by legal process, the holder shall immediately furnish the buyer with a written notice of repossession.

(b) Delivery. — The notice of repossession shall be delivered in person or sent by registered or certified mail to the last known address of the buyer.

(c) Contents. — The notice of repossession shall contain the following:
> (1) The buyer's right to reinstate the contract, if the holder extends the privilege of reinstatement and redemption of the motor vehicle.
> (2) An itemized statement of the total amount required to redeem the motor vehicle by reinstatement or payment of the contract in full.
> (3) Notice to the buyer of the holder's intent to resell the motor vehicle at the expiration of 15 days from the date of mailing the notice.
> (4) The place where the motor vehicle is stored.
> (5) The name and address of the person to whom the buyer shall make payment or on whom the buyer may serve notice.

> (6) A statement that any personal property left in the repossessed vehicle will be held for 30 days from the date of the mailing of the notice.
> (7) The name and address of the person that the buyer may contact to receive a full statement of account as provided by section 6230 (relating to statement of account to buyer).

12 Pa.C.S.A. § 6254.

Here, the Notices Appellants received also fully satisfy the above requirements under the MVFSA. We adopt the trial court's analyses reproduced below:

> The Notice supplied by Belco meets all of the requirements listed in section 6254(c). Belco stated, "[y]ou can get the vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses." 12 Pa.C.S.A. § 6254(c)(1); Am. Compl., Ex. B, at 1. Next, Belco provided the following itemized statement of the total amount due to redeem the vehicle as of the date of the letter:
>
> Breakdown of Charges due and anticipated as of Date of Mailing
>
> | | |
> |---|---|
> | Unpaid Principal Balance | $15,321.67 |
> | Unpaid Accrued Interest | $211.89 |
> | Regular Payment Due | $0.00 |
> | Other Default Charges-Late Fees | $0.00 |
> | Repossession Charges | $400.00 |
> | Other Charges | $0.00 |
> | Other Loans/Obligations | $0.00 |
> | **Total Payoff** | **$15,933.56** |
>
> 12 Pa.C.S.A. § 6254(c)(2); Am. Compl., Ex. B, at 1. Thirdly, Belco informed Plaintiff Wickard of its intent to resell the vehicle 15 days after the date of the Notice, "[w]e will sell your vehicle at a private sale sometime after the expiration of 15 days from the date we mail this notice (shown above)." 12 Pa.C.S.A. § 6254(c)(3); Am. Compl., Ex. B, at 1. Further, Belco informed Plaintiff Wickard that the vehicle was being stored at Richard and Associates, Inc., 6984 Wertzville Road, Enola, PA 17025, with telephone number 717-766-3335, in compliance with subsection (c)(4). 12 Pa.C.S.A. § 6254(c)(4); Am. Compl., Ex. B, at 2. Next, Belco provided the address where payment should be directed and where notice may

be served: Account Resolution, 449 Eisenhower Boulevard, Harrisburg, PA 17111. 12 Pa.C.S.A. § 6254(c)(5); Am. Compl., Ex. B, at 2. For the sixth requirement of section 6254, Belco provided, "[t]he vehicle is stored at Richard and Associates. . . . Any Personal property we found in the vehicle will be held for thirty (30) days from the date set forth at the top of this Notice" thus complying with subsection (c)(6). 12 Pa.C.S.A. § 6254(c)(6); Am. Compl., Ex. B, at 2. Finally, Belco informed Plaintiff Wickard that he may contact Belco in writing at Account Resolution, 449 Eisenhower Boulevard, Harrisburg, PA 17111, to receive a full statement of account. 12 Pa.C.S.A. § 6254(c)(7); Am. Compl., Ex. B, at 2. As such Belco's Notice has complied with all applicable notice requirements of 12 Pa.C.S.A. § 6254(c).

Tr. Ct. Op. 9/3/24, at 9-10. As to Appellant Espenshade, the trial court stated

as follows:

Again, as Belco sent nearly the same notice to both Plaintiffs, the Notice-E meets all of the requirements of 12 Pa.C.S.A. § 6254(c). For subsection one, Belco stated, "[y]ou can get the vehicle back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses." 12 Pa.C.S.A. § 6254(c)(1); Am. Compl., Ex. D, at 1. Belco next provided the following itemized statement of the total amount due to redeem the vehicle as of the date of the letter:

Breakdown of Charges due and anticipated as of Date of Mailing

| | |
|---|---|
| Unpaid Principal Balance | $16,326.93 |
| Unpaid Accrued Interest | $484.16 |
| Regular Payment Due | $0.00 |
| Other Default Charges-Late Fees | $38.06 |
| Repossession Charges | $400.00 |
| Other Charges | $0.00 |
| Other Loans/Obligations | $0.00 |
| **Total Payoff** | **$17,249.15** |

12 Pa. C.S.A. § 6254(c)(2); Am. Compl., Ex D, at 1. Thirdly, Belco informed Plaintiff Espenshade of its intent to resell the vehicle 15 days after the date of the Notice-E, "[w]e will sell your vehicle at a private sale sometime after the expiration of 15 days from the date we mail this notice (shown above)." 12 Pa.C.S.A. § 6254(c)(3); Am. Compl., Ex. D, at 1. Further, Belco informed Plaintiff Espenshade that the vehicle was being stored at Richard

and Associates, Inc., 6984 Wertzville Road, Enola, PA 17025, with telephone number 717-766-3335, in compliance with subsection (c)(4). 12 Pa.C.S.A. § 6254(c) (4); Am. Compl., Ex. D, at 2. Next, Belco provided the address where payment should be directed and where notice may be served: Account Resolution, 449 Eisenhower Boulevard, Harrisburg, PA 17111. 12 Pa.C.S.A. § 6254(c)(5); Am. Compl., Ex. D, at 2. For the sixth requirement of section 6254, Belco provided, "[a]ny Personal property we found in the vehicle will be held for thirty (30) days from the date set forth at the top of this Notice" thus complying with subsection (c)(6). 12 Pa.C.S.A. § 6254(c)(6); Am. Compl., Ex. D, at 2. Finally, Belco informed Plaintiff Espenshade that he may contact Belco in writing at Account Resolution, 449 Eisenhower Boulevard, Harrisburg, PA 17111, to receive a full statement of account. 12 Pa.C.S.A. § 6254(c)(7); Am. Compl., Ex. B, at 2. As such Belco's Notice-E has complied with all applicable notice requirements of 12 Pa.C.S.A. § 6254(c).

Tr. Ct. Op., 9/3/24, at 10-11.

Each of the notification requirements of the UCC and the MVSFA have been met by Belco's Notices sent to each Appellant. There is no genuine issue of material fact concerning any element of the UCC or the MVSFA's requirements. Accordingly, the notices are sufficient despite including additional information, as long as there are no errors that are "seriously misleading." 13 Pa.C.S.A. § 9613(a)(3). Therefore, we must next determine if any additional information included in Belco's Notice is "seriously misleading."

As stated above by the trial court, Belco's notice to each Appellant included the following line: "[t]he money that we get from the sale (after paying our costs for taking, storing, cleaning, advertising and selling the vehicle, ***any reasonable attorney's fees and court costs and other charges permitted by law***) will reduce the amount you owe." Amend.

Compl. Exs. B, D (emphasis added). The statute governing the buyer's liability

for costs states as follows:

> If repossession of a motor vehicle subject to an installment sale
> contract is effected other than by legal process, the buyer shall be
> liable for costs incurred by the holder in retaking, storing and
> repairing the motor vehicle only if:
>    (1) The default exceeds 15 days at the time of repossession.
>    (2) The costs are actual, necessary and reasonable,
>    excluding repossession costs for services by an individual
>    who is a regular full-time employee of the holder.
>    (3) The costs are supported by receipts or other satisfactory
>    evidence of payment.
>    (4) The records of the holder show detailed information as
>    to the nature and amount of each cost, the date of payment
>    and the recipient of the payment.

12 Pa.C.S.A. § 6256. Relevantly, the above statute contains no mention of

attorney's fees.

Appellants argue that because this was a non-judicial repossession

effectuated by self-help outside the legal process, no attorney's fees were or

could ever be incurred, and thus the mention of the potential liability for

attorney's fees is misleading. Appellant's Br. at 20-21. Appellants also argue

that attorney's fees are never recoverable unless expressly authorized by

statute, which they were not here. *Id*.

It is true that attorney's fees are generally not at issue in non-judicial

repossessions such as here, and are only statutorily authorized for

repossessions effectuated by the legal process. 12 Pa.C.S.A. § 6253. It is also

true that attorney's fees are recoverable from an adverse party "only when

provided for by statute, or when clearly agreed to by the parties."

***Commonwealth v. Manor Mines***, 565 A.2d 428, 433 (Pa. 1989). Nonetheless, we readily conclude that Belco's Notice was not objectively misleading for several reasons, each determinative in and of itself.

First, both Appellants signed an installment sales contract with Belco which explicitly states that they agree to pay reasonable attorney's fees if any are incurred during repossession of whatever nature. R.R. 274a, 278a. Thus, despite no express statutory authorization, it was clearly agreed to by the parties. ***Manor Mines, supra***.

Second, the phrase "permitted by law" carries significant weight and is determinative; this language indicates to the buyer that if the recovery of attorney's fees and other charges are permitted by law, Belco would seek to recover them. If attorney's fees were not permitted by law for any reason, Belco is acknowledging that it would be barred from demanding them. Appellants argue under the "last-antecedent rule" that the qualifier "permitted by law" applies only to "other charges"—the last item listed in the phrase which reads, "any reasonable attorney's fees and court costs and other charges permitted by law." Appellants' Reply Br. at 11. This is unpersuasive; no comma is used in the phrase listing these three types of costs, and this list of three is set apart by commas in the sentence listing all other costs and liabilities. Additionally, the last-antecedent rule only applies when a court finds language to be ambiguous. ***Rendell v. Pennsylvania State Ethics Comm'n***, 983 A.2d 708, 715 (Pa. 2009). This Court finds no ambiguity.

Third, Belco has indicated that its general notices use the same language for repossessions effectuated by the legal process and for non-judicial repossessions. Appellee's Br. at 46-47. Attorney's fees are expressly authorized for judicial repossessions. 12 Pa.C.S.A. § 6253. Thus, even assuming *arguendo* that attorney's fees could *never* be incurred or collected in a non-judicial repossession, the Notice remains entirely accurate and commercially reasonable.

Fourth, however, we disagree with Appellants and agree with the trial court and Belco that attorney's fees *could* be incurred in a non-judicial repossession, and, in that circumstance, the recovery of reasonable attorney's fees may be sought. We find persuasive Belco's argument that a repossession that starts out as non-judicial may eventually require legal proceedings. If, for example, the debtor files for bankruptcy after the repossession but prior to the sale, Belco would likely incur attorney's fees. Appellants "ignore[] this reality and assume[] that non-judicial repossession is a static process, rather than one that may involve legal proceedings at a later stage." Appellee's Br. at 47. Appellants argue in their reply brief that Appellee cited no authority for the contention that attorney's fees may be collected in bankruptcy proceedings. Appellants' Reply Br. at 4. Appellants fail to acknowledge a circumstance where a non-judicial repossession becomes a repossession involving the legal process because of an interim occurrence such as bankruptcy, criminal activity, or tortious behavior. In that event, the governing

statute is no longer section 6256; the circumstance would fall under section 6253, which allows for the collection of attorney's fees.

Fifth and finally, Belco's Notice does not itself impose any fees, and it does not state that attorney's fees will be imposed in every case. It merely clarifies that they may be included if permitted by law. The notice does not demand payment, threaten legal action, or initiate collection efforts. The purpose of giving notice is to allow the debtor to protect his interest. ***Savoy, supra***. Belco's Notice achieves that purpose by providing all necessary information to allow a debtor to either satisfy their debt or to ensure that their interests are protected in the repossession process. The inclusion of the attorney's fees language, even in repossessions where no attorney's fees are actually incurred or owed, simply clarifies the potential costs Belco might incur in repossessing a vehicle.

Accordingly, we need not engage in any additional analysis to conclude that Belco's mention of "attorney's fees" if "permitted by law" is not misleading, inaccurate, or contrary to statute. Appellants were given a full accounting, specific to each person's deficiency, describing the liabilities and costs involved in the repossession of their vehicles, and neither owed any attorney's fees, court costs, or other charges. Appellants took issue with language that was entirely accurate, yet irrelevant to their instant circumstances. As we find that Appellee is entitled to judgment as a matter of

law, we affirm the trial court's order granting summary judgment in favor of Belco and denying Appellants' cross-motion for summary judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/04/2025